## THE CITY OF NORWICH.

(District Court, E. D. New York. May 25, 1921.)

Seamen ☜3—Statutory penalty for delay in payment of wages not applicable to foreign vessels.

The provision of Rev. St. § 4529 (Comp. St. § 8320), which entitles seamen to a sum equal to two days' pay for each day's delay in payment of wages after discharge, beyond the time therein fixed, *held* not applicable to foreign vessels, which are governed as to the rights of their seamen by the laws of their respective counties, to be proved as facts in a suit in an admiralty court of the United States.

In Admiralty. Suit by Fazel Ahammed and others against the Steamship City of Norwich. Decree for respondent.

Silas B. Axtell, of New York City, for libelants.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for claimant.

GARVIN, District Judge. The importance of a speedy adjudication of the rights of the parties prompts me to express my conclusions briefly, without setting forth the facts at length. Conflicting testimony was offered as to whether there was a desertion or discharge. The fact remains, however, that after the libelants went ashore, as they insist, merely to complain to the British consul, they returned to the ship, and remained on the pier, to which she was moored, for two or three days. This is not consistent with any theory that when they left in the first instance they thereby deserted. Except for the objection to any recovery whatever, to which I shall presently refer, they would therefore be allowed two days' pay for each day's waiting time since April 7, 1921. U. S. R. S. § 4529 (Comp. St. § 8320).

I do not think the case would justify an award by way of compensation for pain and suffering because of lack of food and a proper place to sleep during the two days they spent on the dock. The officers of the ship did not compel them to remain there. In any event, damages for breach of contract do not include pain and suffering. I have been referred to no authority which holds that section 4529, supra, refers to foreign vessels. The boat in the instant case was a British ship. The only law applicable to this case is British Law and under the recent case of The Hanna Nielsen (D. C.) 267 Fed. 729, there can be no recovery thereunder, for such foreign law is a fact to be proved if material, and libelants never attempted to prove it.

The libel is therefore dismissed, but without costs.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes